## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Terrelle Lavell Frelix,                                    Civil No. 23-896 (DWF/TNL)

              Plaintiff,

v.                                                                              **ORDER**

Hendrie Grant Lending Inc., Hendrie C.
Grant, and Jared M. Goerlitz,

              Defendants.

    This matter is before the Court on Plaintiff Terrelle Lavell Frelix's (1) Complaint
(Doc. Nos. 1 and 2) Application to Proceed in District Court Without Prepaying Fees or
Costs (Doc. No. 2 ("IFP Application")).  For the following reasons, the Court dismisses
this action and denies the IFP Application as moot.

    This action commenced on April 10, 2023, when the Court received the Complaint
and the IFP Application.  (*See* Docket.)  Frelix appears to be a resident of Minneapolis,
Minnesota.  (*See* Doc. No. 1 at 1.)  The Complaint names three Defendants:  Hendrie
Grant Lending Inc., Hendrie C. Grant, and Jared M. Goerlitz.  (*See id.* at 2.)  The
Complaint itself does not further identify these individuals, but documents attached to the
Complaint and Minnesota state-court records suggest that Grant owns certain property
where Frelix once lived, and that Goerlitz is an attorney who represented Grant against
Frelix in an eviction proceeding.  (*See, e.g.*, Doc. No. 1-1 at 1, 9; Register of Action,

*Grant v. Frelix*, No. 27-CV-HC-23-1589 (Minn. Dist. Ct.).[1])  Speaking generally, the Complaint appears to contest Frelix's eviction; for relief, Frelix seems to seek (among other things) monetary damages and "relief of contract" concerning the property at issue in the eviction proceeding.  (*See, e.g.*, Doc. No. 1 at 4.)

Rather than pay this action's filing fee, Frelix submitted the IFP Application, review of which suggests that as a financial matter, Frelix qualifies for IFP treatment.  But that is not the end of the story.  Under the federal statute governing IFP proceedings, as relevant here, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case[2] at any time if the court determines that . . . the action . . . is frivolous or malicious."  28 U.S.C. § 1915(e)(2).  A case is frivolous when "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also, e.g.*, *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (citing *Neitzke*).  With respect to legal frivolity, a matter "lacks an arguable basis in law if . . . based on an indisputably meritless legal theory."  *Martinez v. Turner*, 977 F.2d 421,

---

[1]    The Register of Action does not appear in the materials filed in this case.  Because it is a public state-court record, however, the Court may take judicial notice of it.  *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)); *Logering v. Morrison Cnty. Sheriff's Dep't*, No. 23-CV-0177 (JWB/LIB), 2023 WL 3276515, at *2 n.3 (D. Minn. May 5, 2023) (citing cases).

[2]    While § 1915(e)(2) uses the phrase "the case," courts in this District routinely use § 1915(e)(2) to dismiss portions of cases as well.  *See, e.g.*, *Jacobs v. Discovery ID Media Co.*, No. 23-CV-0222 (JWB/ECW), 2023 WL 3309658, at *2 (D. Minn. Mar. 31, 2023), *report and recommendation adopted*, 2023 WL 3306509 (D. Minn. May 8, 2023); *Jideofor v. Home Depot USA Inc. (Home Depot)*, No. 23-CV-0118 (JWB/ECW), 2023 WL 3063182, at *1 n.2 (D. Minn. Mar. 27, 2023) (citing cases), *report and recommendation adopted*, 2023 WL 3061195 (D. Minn. Apr. 24, 2023).

423 (8th Cir. 1992) (citing *Neitzke*, 490 U.S. at 327); *see also, e.g.*, *Hines v. Minnesota Dep't of Corr.*, No. 18-CV-3250 (ECT/BRT), 2020 WL 1102210, at *11 (D. Minn. Jan. 31, 2020) (same), *report and recommendation adopted*, 2020 WL 1082484 (D. Minn. Mar. 6, 2020).  And furthermore, even putting aside questions of legal frivolity, all matters in federal district court—whether proceeding IFP or not—face scrutiny as to whether the court has jurisdiction over the action.  Under Federal Rule of Civil Procedure 12(h), "[i]f [a] court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the [relevant] action."

With these standards in mind, the Court turns to the Complaint.  Frelix claims that subject-matter jurisdiction exists here is based on federal-question jurisdiction under 28 U.S.C. § 1331,[3] and asked what federal law he relies on, he points to "18 U.S.C. 241," "18 U.S. Code 1341—Frauds and Swindles," and "10 U.S. Code 921—Art. 121. Larceny and Wrongful Appropriation."  (*See* Doc. No. 1 at 3.)  This raises an obvious question: can Frelix bring suit under these statutes?  The answer is no.

- Section 241 is a federal criminal statute that bars so-called conspiracies against rights, but it is black-letter law that § 241 does not provide a private right of action for use in civil litigation.  *See, e.g.*, *United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts repeatedly have held that there is no private right of action under § 241, even though the statute allows federal authorities to pursue criminal charges." (citing cases)); *Howard v. Cross*, No. 23-CV-0349 (JWB/LIB), 2023 WL 2838133, at *2 (D. Minn.

---

[3]     Diversity jurisdiction is an obvious nonstarter here, as Frelix and at least two of the Defendants are Minnesota residents.  *See, e.g.*, *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (noting that § 1332 diversity jurisdiction generally "require[s] complete diversity between all plaintiffs and all defendants" (citing cases)); *Cleek v. Ameristar Casino Kansas City, LLC*, 47 F.4th 629, 634 (8th Cir. 2022) (making same point (citing cases)).

Feb. 24, 2023) (making same point (citing cases)), *report and recommendation adopted*, 2023 WL 2645056 (D. Minn. Mar. 27, 2023).

- Section 1341 is also a criminal statute; it prohibits certain forms of fraud (in particular, mail fraud). Here again, though, it is well established that § 1341 provides no private right of action. *See, e.g.*, *Wisdom v. First Midwest Bank*, 167 F.3d 402, 408 (8th Cir. 1999) (affirming district-court dismissal of claims under § 1341 based on lack of private right of action); *Sharma v. Crosscode, Inc.*, No. 21-CV-1766 (SRN/BRT), 2022 WL 816555, at *14 (D. Minn. Mar. 17, 2022) (citing *Wisdom*).

- This leaves claims under "10 U.S. Code 921." This indeed bars certain forms of "larceny and wrongful appropriation"—but it is part of the Uniform Code of Military Justice ("USMC"). The Complaint provides no hint why a provision from the USMC would apply here at all, much less create a private right of action.

There is no private right of action under the various statutes that Frelix cites as grounds for his federal-law claims. The upshot is that his federal-law claims—the basis for federal-question jurisdiction over this action—are indisputably meritless, and so frivolous. The Court therefore dismisses those claims under 28 U.S.C. § 1915, and because Frelix has no way to fix this problem, the Court dismisses the claims with prejudice.

There are, of course, state-law causes of action under Minnesota law for fraud, misrepresentation, and the like, so the Court needs to consider whether it could have jurisdiction over those claims (to the extent that Frelix means to bring them). That question is one of "supplemental jurisdiction" under 28 U.S.C. § 1367(a), which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to

4

claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."

But § 1367(c) states that a district court "may decline to exercise supplemental jurisdiction over a claim under [§ 1367(a)] if," as relevant here, "the district court has dismissed all claims over which it has original jurisdiction."  And the U.S. Court of Appeals for the Eighth Circuit has stated that "when a district court has dismissed every federal claim," as this Court will do here, "'judicial economy, convenience, fairness, and comity' will usually point toward declining to exercise jurisdiction over the remaining state-law claims." *McManemy v. Tierney*, 970 F.3d 1034, 1041 (8th Cir. 2020) (quoting *Wilson v. Miller*, 821 F.3d 963, 970–71 (8th Cir. 2016)).  The Court sees no reason to depart from the Eighth Circuit's guidance here, so the Court will dismiss the Complaint without prejudice, for lack of jurisdiction, to the extent it presents any state-law claims.[4]

---

[4]     Because of this lack of jurisdiction, the Court need not—so will not—actually rule on the state-law claims.  But if the Court had jurisdiction here, it would almost certainly dismiss those claims for two reasons.

First, rather than lay out a coherent account of Frelix's claims, the Complaint relies entirely on conclusory language; for specific details, Frelix apparently expects the Court to sift through about 90 pages of documents attached to the Complaint.  (*See* Doc. No. 1-1.)  Respectfully, the Court would have refused to do this; it is Frelix's job to craft a coherent complaint, and he cannot simply ask the Court to review various materials to develop allegations or causes of action for him.  *See, e.g.*, *Shortymacknifisent v. Hunter*, No. 22-CV-0766 (DSD/BRT), 2022 WL 17546559, at *3 (D. Minn. Nov. 18, 2022) (citing cases), *report and recommendation adopted*, 2022 WL 17485553 (D. Minn. Dec. 7, 2022); *Murrin v. Avidigm Capital Grp., Inc.*, No. 07-CV-1295 (PJS/RLE), 2008 WL 11463468, at *10 (D. Minn. Sept. 5, 2008) (same).

Second, from what the Court can ascertain from a brief review of Frelix's materials, he bases his claims on a theory of "sovereign citizenship."  (*See, e.g.*, Doc. No. 1-1 at 13.)  Such theories are legally meritless and this District's courts have

The sum total of the above discussion is that the Court is dismissing the Complaint in its entirety.  Given this resolution, the Court will also deny the IFP Application as moot.

## ORDER

Based on the above, and on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Plaintiff Terrelle Lavell Frelix's Complaint (Doc. No. [1]) is **DISMISSED WITH PREJUDICE** as frivolous (under 28 U.S.C. § 1915) to the extent it brings claims under 18 U.S.C. § 241, 18 U.S.C. § 1341, and 10 U.S.C. § 921.

2.      The Complaint is otherwise **DISMISSED WITHOUT PREJUDICE** (under Federal Rule of Civil Procedure 12(h) and 28 U.S.C. § 1367(c)) for lack of jurisdiction.

---

repeatedly rejected them.  *See, e.g.*, *Campbell v. Hennepin Cnty. Sheriffs*, No. 19-CV-1348 (DWF/ECW), 2020 WL 589547, at *10 (D. Minn. Jan. 21, 2020) ("Legal arguments based on Sovereign Citizens' theories are meritless and do not warrant extended discussion." (citing cases)), *report and recommendation adopted*, 2020 WL 586770 (D. Minn. Feb. 6, 2020); *United States v. Garcia*, No. 15-CR-0260 (PAM/TNL), 2016 WL 9131430, at *2 (D. Minn. May 9, 2016) ("Courts have repeatedly found sovereign citizenship arguments to be meritless." (citing cases)), *report and recommendation adopted*, No. 15-CR-2601 (PAM/TNL), 2016 WL 9131461 (D. Minn. June 15, 2016).

    3.      Frelix's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. [2]) is **DENIED** as moot.

    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 18, 2023               s/Donovan W. Frank_____
                                             DONOVAN W. FRANK
                                           United States District Judge